UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 16-20360-CIV-GOODMAN

**[CONSENT CASE]**

ZAINA MATTHIESEN,

    Plaintiff,

vs.

BRIAN MATTHIESEN,

    Defendants.

_____/

**ORDER ON MOTION TO DISMISS**

    In her 1980 country music hit "Starting Over Again,"[1] Dolly Parton sang about a middle-aged couple separating after 30 years of marriage. The opening lines framed the musical story: "Momma moved out / Daddy sold the house / They split up their money/ And went on their way." More than 35 years later, those lyrics help to inform the ruling on a motion to dismiss a lawsuit filed by a woman against her former, now-divorced husband. Although the parties in the lawsuit entered into a financial settlement in the divorce and "split up their money" like the divorced couple in Dolly Parton's song, they did not exactly go "on their way," as litigation was resumed.

    The parting of the ways at issue here involves Plaintiff Zaina Matthiesen and Defendant Brian Matthiesen, who were divorced in 2012. [ECF No. 1, p. 9]. Plaintiff

---

[1]     From the album, *Dolly, Dolly, Dolly* (RCA Nashville).

alleges that, in 2015, she discovered evidence that Defendant concealed assets during the divorce proceedings, which resulted in her receiving less than she was entitled to in the marriage settlement. [*Id.*, at pp. 11-13]. After moving to dissolve the marriage settlement agreement in state court, Plaintiff invoked diversity jurisdiction and filed this federal court action. Plaintiff presents six causes of action, which, as the Undersigned describes below, all arise out of the divorce proceedings.

Defendant moved to dismiss the case for lack of subject matter jurisdiction, claiming that this case falls within the domestic relations exception to subject matter jurisdiction. [ECF No. 8]. Plaintiff opposed [ECF No. 18] the motion, and Defendant filed a reply memorandum [ECF No. 31]. The parties consented to full magistrate judge jurisdiction [ECF No. 17, p. 10] and United States District Judge Jose E. Martinez referred [ECF No. 19] the matter to the Undersigned for disposition through trial and including entry of final judgment. For the reasons outlined below, the Undersigned **grants** Defendant's motion to dismiss on the basis of the domestic relations exception.

I.   **FACTUAL BACKGROUND**

Plaintiff and Defendant, as part of a Dissolution of Marriage Proceeding, entered into a Mediated Marital Settlement Agreement ("MSA") on October 18, 2011. [ECF Nos. 1, pp. 6-7, 9; 8-1, pp. 8-29]. On February 21, 2012, the Circuit Court for the Eleventh Judicial Circuit of Miami-Dade County, Florida, entered Final Judgment of Dissolution of Marriage (the "Final Judgment"), approving the MSA. [*Id.*, at pp. 4-7]. In March 2015,

Plaintiff filed a motion in the Eleventh Judicial Circuit, requesting that the state court "set aside/vacate" the MSA and the Final Judgment on the grounds that Defendant had allegedly "filed fraudulent financial affidavits" in connection with the MSA by failing to disclose certain account statements. [ECF No. 8-1, pp. 30-31]. On February 1, 2016, during a hearing on the matter, Plaintiff's counsel voluntarily withdrew the state court motion to set aside the MSA and the Final Judgment. [ECF Nos. 8-1, p. 32; 31-1, pp. 34-35].

Also on February 1, 2016, Plaintiff brought this action in the Southern District of Florida. [ECF No. 1]. Plaintiff alleges: (1) Fraud by Concealment; (2) Equitable Accounting; (3) Fraudulent Misrepresentation; (4) Negligent Misrepresentation; (5) Unjust Enrichment (as to the pre-marital home); and (6) Unjust Enrichment (as to other marital assets). [*Id.*, pp. 1-21]. The fraud and negligence claims relate to the alleged withholding of certain financial records from the financial affidavit, which purported to itemize the marital assets in Defendant's possession, filed in connection with the MSA. [ECF No. 1, pp. 7, 10-13, 15-18].

Plaintiff requests that the Court award her $180,000.00 [*id.*, at pp. 13, 16, 18], an equitable accounting [*id.*, at p. 14], the deed to the pre-marital home or the proceeds of the sale of such home [*id.*, at p. 20], and payment in equity, which amount will be determined by the Court, to cure the alleged unjust enrichment [*id.*, at p. 21].

Plaintiff asserts that the case is properly within this federal court's jurisdiction on the basis of complete diversity under 28 U.S.C. § 1332(a)(1) because Plaintiff is a citizen of the State of Florida, Defendant is allegedly a citizen of the State of California, and the amount in controversy exceeds $75,000.00 exclusive of interest and costs. [*Id*., at pp. 1-2].

Defendant's dismissal motion argued that this case is *not* properly in federal court because (1) Defendant is in fact a citizen of Florida, thus defeating complete diversity under 28 U.S.C. § 1332(a)(1), and (2) the so-called "domestic relations exception" to diversity jurisdiction bars this Court from hearing this dispute. [ECF No. 8, p.1]. The Court and the parties agreed during a telephonic scheduling conference held on April 12, 2016 [ECF No. 30] that the domestic relations exception would be the initial issue and that the Court would address the diversity issue only if necessary because the diversity argument might require jurisdictional discovery on the relevant facts.

Because of the ruling outlined below, the Court need not address the dispute over diversity jurisdiction because, regardless of whether diversity exists, this case falls within the domestic relations exception.

## II.     LEGAL STANDARD

"Federal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994). The Court has a continuing obligation to ensure that it maintains the authority to handle the matter before it. Indeed, "[t]he objection

4

that a federal court lacks subject-matter jurisdiction . . . may be raised by a party, or by a court on its own initiative, at any stage in the litigation, even after trial and the entry of judgment." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 506 (2006).

There are two forms of subject matter jurisdiction attacks under 12(b)(1): facial attacks, requiring the court to simply look at the complaint and see if the plaintiff has satisfactorily asserted some basis for subject matter jurisdiction, and factual attacks, allowing the court to consider testimony, affidavits, and other material outside the pleadings in determining whether subject matter jurisdiction is met in fact. *See Lawrence v. Dunbar*, 919. F.2d 1525, 1528-29 (11th Cir. 1990). In the Motion to Dismiss, Defendant raises both a facial attack (on the domestic relations exception ground) and a factual attack (alleging that he is in fact a Florida resident, in an attempt to defeat diversity jurisdiction).

Because the purported basis for subject matter jurisdiction is diversity of citizenship under 28 U.S.C. § 1332(a)(1), and as the parties agreed during the scheduling conference [ECF No. 30], the initial inquiry pertains to the facial attack. Thus, the threshold question is whether this case is subject to the domestic relations exception to diversity of citizenship jurisdiction, "a well-accepted doctrine which allows the federal courts to abstain from deciding cases presenting intrafamily disputes." *Kirby v. Mellenger*, 830 F.2d 176, 177 (11th Cir. 1987). If the domestic relations exception applies here, then the Court lacks the subject matter jurisdiction to hear this case under 28

U.S.C. § 1332(a)(1) or otherwise, as no other basis for subject matter jurisdiction has been asserted.

The domestic relations exception is not "compelled by the text of the Constitution or federal statute[;]"rather, it is a "judicially created doctrine[] stemming in large measure from misty understandings of English legal history." *Marshall v. Marshall*, 547 U.S. 293, 299 (2006). Despite its origins, the Supreme Court has recognized the exception, albeit as a limited one, concluding that "the domestic relations exception encompasses only cases involving the issuance of a divorce, alimony, or child custody decree[.]" *Ankenbrandt v. Richards*, 504 U.S. 689, 704 (1992)).

The Eleventh Circuit holds that federal courts "will not review or modify a state court divorce order even when the plaintiff couches the claim in other terms." *McCavey v. Barnett*, 629 F. App'x 865, 867 (11th Cir. 2015) (per curiam); *see also McLaughlin v. Cotner*, 193 F.3d 410, 413 (6th Cir. 1999) (holding that a case "involv[ing] issues arising out of conflict over a divorce decree" even where the plaintiff "attempt[s] to disguise the true nature of the action by claiming that she is merely making a claim for damages based on a breach of contract" falls within the domestic relations exception as explicated by *Ankenbrandt*) (cited to approvingly by the Eleventh Circuit in *McCavey*). Still, the scope of the exception and a federal court's ability to refuse to hear domestic relations-related cases is not unbounded. *See Kirby*, 830 F.2d at 178.

6

Trial courts are afforded great deference in assessing whether the domestic relations exception applies. Although a general dismissal for lack of subject matter jurisdiction is reviewed *de novo*, abstention under the domestic relations exception is reviewed for abuse of discretion -- a far more deferential standard. *Id*. at 867 n.1 (citing *Barbour v. Haley*, 471 F.3d 1222, 1225 (11th Cir. 2006) and *Stone v. Wall*, 135 F.3d 1438, 1441 (11th Cir. 1998)).

### III. ANALYSIS

Plaintiff's Complaint focuses in large part on an alleged withholding by Defendant of financial records from a financial affidavit filed which purported to enumerate the marital assets under his possession or control. [ECF No. 1]. The financial affidavit was supplied as a basis for the MSA and in connection with divorce proceedings overseen by the state family court in the Eleventh Judicial Circuit.

Specifically, Plaintiff presents six causes of action -- all arising from the alleged misrepresentation in the financial affidavit. The prayers for relief for each cause of action call on this Court to directly impact the MSA. Three of the causes of action (Counts I, III and IV) directly seek the $180,000 that Plaintiff alleges Defendant concealed from the financial affidavit on the basis that she would have been entitled to the funds if Defendant had disclosed this asset during the divorce proceedings. Count II seeks an equitable accounting of Defendant's assets to determine if he concealed any other marital assets during the divorce proceedings. Count V requests the pre-marital

home of Plaintiff and Defendant because Plaintiff claims she would have been entitled to it in the MSA if Defendant had appropriately disclosed the $180,000. Count VI seeks 50% of the marital assets based upon the inclusion of the $180,000 that Plaintiff claims Defendant concealed.

While it is true that Plaintiff's claims do not necessarily sound in divorce or alimony explicitly by name, the general subject matter of each claim remains the same: Plaintiff accuses Defendant of improprieties in connection with the settlement reached as part of divorce proceedings. It is thus clear to the Court that this case *involves* "the issuance of a divorce . . . decree." *Ankenbrandt*, 504 U.S. at 704.

Though the parties are designated Plaintiff and Defendant, their relational identities as "former wife" and "former husband," respectively, are neither incidental nor irrelevant. The grounds for the claims set forth in the Complaint arise solely because Plaintiff and Defendant are former wife and husband, and the material components of the allegations exist only *because* the two went through the state court process of divorce and division of the marital assets.

The facts here are similar to those in *McCavey*, where the Eleventh Circuit determined that the claim was nonjusticiable based upon the domestic relations exception. In *McCavey*, a former husband sued his former wife in federal district court in Georgia, alleging state law claims of breach of trust and breach of fiduciary duty. *See* 629 F. App'x at 866. The defendant was accused of impropriety relating to the title and

transfer of property held in an *inter vivos* family trust. *Id*. The Eleventh Circuit found that because the plaintiff sought "to have a federal court review the division of marital property as determined in his [state court] divorce proceedings, such review falls within the domestic relations exception, and the district court properly determined that it lacked subject-matter jurisdiction under that rule." *Id.* at 867.

*McCavey* noted that district courts should abstain from hearing domestic relations cases where "(1) there is a strong state interest in domestic relations; (2) the state courts can competently settle the family dispute; (3) the state continues to supervise the decrees; and (4) federal dockets are congested." 629 F. App'x at 867 (citing *Stone*, 135 F.3d at 1441).

These considerations weigh heavily in favor of dismissing the case under the domestic relations exception.

The state court is equipped to competently handle this dispute. The Eleventh Judicial Circuit oversaw the divorce, entering the Final Judgment and approving the MSA. Plaintiff does not represent that the state court cannot maintain jurisdiction. In *Kirby*, where the Eleventh Circuit found that the domestic relations exception did *not* bar the federal court from hearing the case, the court noted that the state under whose law the claim was brought "will not hear this case absent [the defendant's] consent because he is not a citizen of that state[.]" 830 F.2d at 178. Plaintiff does not represent

9

that she faces such an obstacle in state court here. To the contrary, one basis for Defendant's Motion to Dismiss was that he *is* a citizen of the State of Florida.

Furthermore, the Eleventh Judicial Circuit continues to oversee the case. The Final Judgment contained the stipulation that "[t]he [Eleventh Judicial Circuit] Court reserves jurisdiction over the parties and the subject matter to enforce the Final Judgment and the Mediated Marital Settlement Agreement thereto incorporated herein." [ECF No. 8-1, p. 6].

As described above, Plaintiff seeks several types of relief in her Complaint. At bottom, however, Plaintiff necessarily seeks to have this Court review, modify and/or vacate a state court divorce decree. Because of the domestic relations exception to diversity jurisdiction, this Court cannot conduct such a review or alter this state court divorce judgment, even if Plaintiff couches her claims and requests for relief in other terms. *See McCavey*, 629 F. App'x at 867; *see also McClaughlin*, 193 F.3d at 413.

Because the Court has determined that the domestic relations exception to diversity of citizenship jurisdiction applies, the Court has no basis for subject matter jurisdiction even if complete diversity does exist. Thus, the issue of whether complete diversity exists is rendered moot.

## IV. CONCLUSION

For the reasons stated above, the Court **grants** Defendant's motion to dismiss pursuant to the domestic relations exception to diversity jurisdiction, **denies as moot** all other pending motions, and **closes** this case.

**DONE and ORDERED** in Chambers, in Miami, Florida, August 2, 2016.

Jonathan Goodman
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
All Counsel of Record